FILED
May 1 2018
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ kristenb   DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 17cr2796-AJB |
|---|---|
| Plaintiff, | I N F O R M A T I O N *(Superseding)* |
| v. | Title 21, U.S.C. Sections 841(h) and 846 (Conspiracy to Deliver & Distribute Controlled Substances By Internet); Title 18, U.S.C. Section 1956 (Conspiracy To Launder Drug Proceeds); Title 21, U.S.C., Sec. 853 and Title 18, U.S.C. 982 - Criminal Forfeiture |
| SKY JUSTIN GORNIK, | |
| Defendant. | |

The United States Attorney charges:

### COUNT ONE

### (CONSPIRACY TO DELIVER AND DISTRIBUTE

### CONTROLLED SUBSTANCES BY INTERNET)

Beginning at a date unknown and continue to June 9, 2017, within the Southern District of California, and elsewhere, defendant SKY JUSTIN GORNIK did knowingly and intentionally agreed with others, to

delivery, distribute, and dispense controlled substances, to wit: 400 grams and more of fentanyl (a Scheduled II Controlled Substance), carfentanil (a Scheduled II Controlled Substance), ketamine (a Scheduled III Controlled Substance), oxycodone (a Scheduled II Controlled Substance), and ecstasy (a Scheduled I Controlled Substance), by means of the internet, in a manner not authorized by law; in violation of Title 21, United States Code, Sections 841(h), 841(b)(1)(A) and 846.

## COUNT TWO

### (CONSPIRACY TO LAUNDER MONEY)

Beginning at a date unknown and continue to June 9, 2017, within the Southern District of California, and elsewhere, defendant SKY JUSTIN GORNIK did knowingly and intentionally agreed with others, to conduct financial transactions affecting interstate commerce, to wit: purchasing and selling controlled substances by internet using digital currencies, which transactions involved proceeds of specified unlawful activity, with the intent to promote the carrying on or the specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented proceeds of some form of specified unlawful activity, in violation of Title 18, United States Code, sections 1956(a)(1)(A)(i) and 1956(h).

# CRIMINAL FORFEITURE

1. The allegations contained in Counts 1 through 2 are realleged and by their reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 21, United States Code, Section 853 and Title 18, United States Code, Section 982.

2. As a result of the commission of the felony offense in Count 1 of this Superseding Information, said violation being punishable by imprisonment for more than one year and pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), defendant SKY JUSTIN GORNIK, shall, upon conviction, forfeit to the United States all his rights, title and interest in any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of the offense, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in this information, including by not limited to the following:

   (1) 68 Bitcoins (digital currency);
   (2) 100,046 Stratis (digital currency);
   (3) 624 Ethereum (digital currency);
   (4) 2350 Monero (digital currency);
   (5) .9968 Bitcoin (digital currency);
   (6) .05837 Bitcoin (digital currency);
   (7) digital currency contained in Bittrex Accounts;

(8) digital currency contained in Poloniex Accounts;
            (9) $3,305 in cash.
    3.  As a result of the commission of the offense set forth in Count 2 of this Superseding Information, and pursuant to Title 18, United States Code, Sections 982(a)(1), defendant SKY JUSTIN GORNIK, shall, upon conviction, forfeit to the United States all his rights, title and interest in any and all property involved in such offense, and any property traceable to such property, including by not limited to the following:
            (1) 68 Bitcoins (digital currency);
            (2) 100,046 Stratis (digital currency);
            (3) 624 Ethereum (digital currency);
            (4) 2350 Monero (digital currency);
            (5) .9968 Bitcoin (digital currency);
            (6) .05837 Bitcoin (digital currency);
            (7) digital currency contained in Bittrex Accounts;
            (8) digital currency contained in Poloniex Accounts;
            (9) $3,305 in cash.
    4,  If any of the above-described forfeitable property, as a result of any act or omission of the defendant -
            (a) cannot be located upon the exercise of due
                diligence;
            (b) has been transferred or sold to, or deposited
                with, a third party;

4

|     |     |                                                                 |
| --- | --- | --------------------------------------------------------------- |
| 1   | (c) | has been placed beyond the jurisdiction of the Court;           |
| 2   | (d) | has been substantially diminished in value; or                  |
| 3   | (e) | has been commingled with other property which cannot be         |
| 4   |     | subdivided without difficulty;                                  |

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendant up to the value of the said property listed above as being subject to forfeiture.

DATED: ~~April~~ May 1, 2018.

ADAM L. BRAVERMAN
United States Attorney

SHERRI WALKER HOBSON
Assistant U.S. Attorney

5